Carolyn E. Sieve (SBN 182763)
csieve@constangy.com
Kimberly T. Bernstein (SBN 294058)
kbernstein@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
600 Anton Boulevard, Eleventh Floor
Costa Mesa, California 92626
Telephone: (949) 743-3979
Facsimile:  (949) 743-3934

Attorneys for Defendant
BELLINGHAM MARINE INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LAMIRAND,<br><br>                        Plaintiff,<br><br>               v.<br><br>BELLINGHAM MARINE INDUSTRIES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                        Defendants. | Case No.<br><br>**DEFENDANT BELLINGHAM MARINE INDUSTRIES, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed Concurrently with Notice of Related Cases; Declaration of Tina M. Jeffcoat; Corporate Disclosure Statement; Certification of Interested Parties; and Civil Cover Sheet]*<br><br>Complaint Filed: March 7, 2019<br>Trial Date:      None Set |

5853385v.1      DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bellingham Marine Industries, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California. The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below:

## I.

## THE STATE COURT ACTION

1. On or about March 7, 2019, Plaintiff Peter Lamirand ("Plaintiff"), individually filed a Civil Complaint (the "Complaint") in the Superior Court of the State of California, County of Orange, entitled *Peter Lamirand v. Bellingham Marine Industries, Inc.*, Case No. 30-2019-01056092-CU-WT-CJC. A true and correct copy of the Complaint served on Defendant is attached hereto as "**Exhibit A.**"

2. The Complaint asserts the following causes of action: (1) Age Discrimination; (2) Disability Discrimination; (3) Failure to Engage in the Interactive Process; (4) Failure to Accommodate; (5) Retaliation in Violation of FEHA; (6) Failure to Prevent Discrimination and Retaliation; (7) Violation of Labor Code § 6310; and (8) Wrongful Termination in Violation of Public Policy.

3. On May 6, 2019, Defendant Bellingham Marine Industries, Inc. was personally served with the Complaint. (Declaration of Tina M. Jeffcoat ("Jeffcoat Decl.") ¶ 4).

4. On June 4, 2019, Defendant answered the Complaint. A true and correct conformed copy of Defendant's Answer is attached as "**Exhibit B.**"

2

## II.

## <u>REMOVAL IS TIMELY</u>

5.     A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days after the effective date of service on Defendant.

## III.

## <u>DIVERSITY JURISDICTION</u>

## <u>28 U.S.C. § 1332</u>

6.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. § 1441.  Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The parties to this action are diverse, as detailed below:

7.     **Plaintiff is a Citizen of California.**  Plaintiff is, and was at all times relevant to this action, a citizen of the State of California.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff is a resident of the County of Orange, State of California, and was so domiciled at the time of filing of the Complaint.  (Exhibit A, Complaint ¶ 5; Jeffcoat Decl. ¶ 3.)

*// // //*

5853385v.1     DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

8. **Defendant is a Citizen of the State of Washington**. Defendant was at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Washington. (Jeffcoat Decl. ¶ 5.)

9. Defendant's principal place of business is in Bellingham, Washington. (*Id*.) Defendant's corporate headquarters, including its main administrative offices, are located in Bellingham, Washington. (*Id*.) Defendant's Chairman, President and Chief Executive Officer, Chief Financial Officer and other senior management work in its headquarters located in Bellingham, Washington, where they direct, control and coordinate the company's day to day activities and oversee the major decisions affecting the corporation. The books and records relating to the company, its employees, and other matters are maintained at the corporate headquarters in Bellingham, Washington. (*Id*.) Simply put, Defendant's center of "direction, control and coordination" is located in the state of Washington.

10. Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (*Id*. at ¶ 6.) *See Montrose Chemical v. American Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

11. Thus, for diversity purposes, Defendant must be considered a citizen of Washington, its state of incorporation and principal place of business.

12. **Complete Diversity of the Parties Exists.** Defendant is the only named defendant in this action. There is no requirement for anyone else to join in this removal. Further, the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

5853385v.1   DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

13. Complete diversity among the parties not only exists now, but did also at the time of the filing of this action on March 7, 2019. This court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a), in that Plaintiff is a citizen of California and Defendant is not a citizen of California. As a result, complete diversity between Defendant and Plaintiff exists.

## IV.

## THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

14. This court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

15. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.[1]

16. The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. 1446 (c)(2)(A)-(B).

17. Where a specific amount of damages is not alleged with respect to each claim, the removing defendant need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy. *See Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 981 (9th Cir. 2013); *Sanchez v.*

---

[1] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

*Monumental Life Insurance Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996). The "'defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, — U.S.—, 132 S.Ct. 547, 554(2014). Accordingly, a removing Defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

18. To meet this relatively low burden of production, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Rippee v. Boston Mkt. Corp.,* 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations . . . ."); *see also Valdez v. Allstate Inc. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

19. Although Plaintiff's Complaint does not state a specific dollar amount of damages that he seeks, in the Complaint, Plaintiff seeks "loss of earnings, past and future, and other employment benefits and job opportunities," reimbursement of medical expenses, compensatory damages for psychological injuries that have caused "pain and suffering, severe mental anguish," punitive damages, and attorney's fees. (*See* Exhibit A, Complaint ¶¶ 26-27, 35-37, 45-47, 54-56, 61-63, 68-70, 77-79, 84-86, Prayer.) Here, the general and special damages sought by Plaintiff, along with attorney's fees and punitive damages that may be awarded on his claims, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

20. **Economic Damages**. Plaintiff was a full-time employee whose final salary was $82,029.48, excluding benefits, at the time his employment with Defendant ended on August 10, 2018. (Jeffcoat Decl. ¶ 3.) Accordingly, his unmitigated lost wages from the date of his termination to the date of this removal is

5853385v.1   DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

approximately $68,357.90[2]. It also is conservatively reasonable to assume that Plaintiff will seek future wages for at least one year. Even if he receives his annual income (i.e., $82,029.48), Plaintiff's lost and future lost wages would total approximately **$150,387.38**[3]. That sum does not include Plaintiff's lost benefits, which he also claims in his Complaint. (*See* Exhibit A, Prayer.)

21. **Emotional Distress**. Plaintiff also claims to have suffered emotional distress damages as a result of Defendant's actions. (*See* Exhibit A, Complaint ¶¶ 26, 36, 46, 55, 62, 69, 76, 86.) Emotional distress damages may be considered when calculating the amount in controversy even when not clearly pled in the Complaint. *See Simmons v. PCR Tech.*, 209 F.Supp.2d. 1029, 1034 (N.D.Cal. 2002); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D.Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial"). Assuming emotional distress damages are conservatively equal to six months of lost pay, the amount could total approximately $41,014.74[4].

22. Furthermore, a review of jury verdicts in California demonstrates that emotional distress awards in discrimination and retaliation cases can exceed $75,000. *See e.g., Barrie v. California Department of Transportation,* JVR No. 1710130046 (Nevada County Sup Ct. 2017) ($3 million pain and suffering award); *Colcci v. T-Mobile USA, Inc.*, JVR No. 1709260055 (San Bernardino County Sup. Ct. 2017) ($700,000 pain and suffering award); *Silverman v. Stuart F. Cooper, Inc.*, 2013 WL 5820140 (L.A. County Sup. Ct.) ($157,001 emotional distress damages award); *Aboulafia v GACN Inc.*, 2013 WL 8115991 (L.A. County Sup. Ct.) ($250,000

---

[2] $6,835.79/month times approximately 10 months (August 10, 2018 to June 7, 2019) = $68,357.90.

[3] $68,357.90 in lost wages plus $82,029.48 lost future wages annual income = $150,387.38 economic damages.

[4] $82,029.48 yearly salary divided by 2 = $41,014.74

5853385v.1    DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

emotional distress award to each of the four plaintiffs); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (L.A. County Sup. Ct.) ($1,270,000 pain and suffering award); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D.Cal.) ($5.6 million emotional distress award).

23. Additionally, although Defendant denies that it should be liable for any damages whatsoever in this case, for purposes of assessing whether the amount in controversy is satisfied, jury verdicts in various discrimination cases in California reflect that were Plaintiff to prevail at trial, his damages could exceed the $75,000 threshold. Recent verdicts in FEHA disability discrimination and retaliation cases included compensatory damage awards well over $75,000. *See e.g., Rossi v. County of Napa,* JVR No. 1806200040 (Napa County Sup. Ct. 2018) ($570,081 compensatory damages award); *Baghumian v. County of Los Angeles*, JVR No. 1807270047 (L.A. County Sup. Ct. 2018) ($295,000 compensatory damages award); *Colcci v. T-Mobile USA, Inc*., JVR No. 1709260055 (San Bernardino County Sup. Ct. 2017) ($1,020,000 compensatory damages award); *see also Palma v. Rite Aid Corp*., 2012 WL 3143466 (L.A. County Sup. Ct.) ($3,522,070 award); *Quinroz v. Ralphs Grocery Company*, 2012 WL 3745798 (L.A. County Sup. Ct.) ($490,356 award); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) ($680, 182 award); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D.Cal. 2010) ($1,033,500 award).

24. **Punitive Damages.** Plaintiff also seeks punitive damages in his Complaint. (*See* Exhibit A, Complaint ¶¶ 27, 37, 47, 56, 63, 70, 85.) A determination of the amount in controversy may include punitive damages when they are recoverable as a matter of law. *See Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir.2001); *Miller v. Michigan Millers Inc. Co*., 1997 WL 136242, *4 (N.D.Cal. 1997); *Richmond v. Allstate Ins. Co*., 897 F.Supp. 447, 450 (S.D.Cal. 1995). Plaintiff's action is brought pursuant to the FEHA. Punitive damages are available under FEHA.

5853385v.1    DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Cal. Gov't Code § 12940.  Accordingly, the Court may consider punitive damages when determining the amount in controversy.

25.    To that end, Defendant provides examples of jury verdicts in cases with similar causes of action where substantial punitive damages were awarded.  *See e.g., Colcci v. T-Mobile USA, Inc*., JVR No. 1709260055 (San Bernardino County Sup. Ct. 2017) ($4 million punitive damages award); *Juarez v. Autozone Stores, Inc*., 2011 WL 6478472 (S.D. Cal. 2014) ($185 million punitive damages award); *Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857 ($60,000 punitive damages award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.,* Cal. Sup. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000) ($121,000,000 punitive damages award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damages award).  Additionally, courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination and retaliation cases. *See e.g., Green vs. Las Flores Convalescent Hospital,* 2008 WL 7950709 (LA Sup. Ct.) ($1,237,086 punitive damages award); *Bulow, M.D. v. North County Ob-Gyn Medical Group Inc*., 2008 WL 2185091 (Cal. Sup. Ct.) ($105,000 punitive damages award).  The fact that the cited cases involve distinguishable facts is not dispositive.  Notwithstanding these differences, the jury verdicts in those cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.

26.    Moreover, California courts hold that the ratio between compensatory damages and punitive damages "should generally be no higher than 4 to 1 and almost never more than 9 to 1."  *Gober v. Ralphs Grocery Co*., 137 Cal.App.4th 204, 213 (2004) (*citing State Farm Mut. Auto. Ins. Co. v. Campell*, 538 U.S. 408, 425, 123 S.Ct. 1513 (2003)).  Even using the lower ratio of 4 to 1 and assuming Plaintiff's compensatory damages are approximately $191,402.12[5], Plaintiff could potentially

---

[5] $41,014.74 (non-economic) + $150,387.38 (economic) = $191,402.12.

9

recover $765,608.48 in punitive damages.

27.   **Attorney's Fees and Costs**. Finally, Plaintiff is claiming attorney's fees in connection with his claims under the California Fair Employment and Housing Act. (Exhibit A, Prayer, at 14, ¶ 7.)  Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorney's fees to be accrued throughout the entirety of the litigation."  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (*citing Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal. 2002)).  *See also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at *5 (C.D.Cal. 2014).  "The Court can use its discretion to determine, within its own experience, that an award of attorney's fees alone will satisfy the amount in controversy requirement.  "[E]ven a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum."  *Cain*, 890 F. Supp. 2d at 1250 (*quoting Haase v. Aerodynamics Inc.,* 2009 WL 3368519, at *5 (E.D.Cal.2009)).

28.   Furthermore, courts routinely award attorney's fees well over $75,000 in cases involving discrimination, such as this one.  *See e.g., Crawford v. DIRECTV, Inc*., 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving $159,762.50 in attorney's fees); *Davis v. Robert Bosch Tool Corp*., 2007 WL 2014301, *9 (Cal. Ct.App.2d Dist. July 13, 2007) (seeking $1.6 million in attorney's fees); *Denenberg v. Cal. Dep't of Transp*., 2006 WL 5305734 (S.D. County Sup. Ct.) (approving $490,000 in attorney's fees).

29.   Thus, the amount in dispute in this case is clearly in excess of the jurisdictional minimum of $75,000.  Based on the conservative figures above, Plaintiff is claiming *at the very least* **$191,402.12** in economic losses and emotional

distress as noted above, plus he claims additional amounts in "other employment benefits," medical expenses, and punitive damages, as well as attorney's fees incurred through the remainder of the litigation.  Given the claims and allegations in this case, if Plaintiff prevails at trial, it is more likely than not that his damages will exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a).

30.   Based on the foregoing, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

31.   For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441(a).  It is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  It also is between citizens of different states.  Therefore, removal is proper.

## V.

## VENUE IS PROPER

32.   In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending.  The Superior Court of California, County of Los Angeles is located within the Central District of California.  28 U.S.C. § 84(c)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.

## THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

33.   In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by **Exhibit A**, which includes copies of all process, pleadings, and orders served upon Defendant.  A case management conference was scheduled for July 1, 2019 in the Orange County Superior Court.  A true and correct copy of the

5853385v.1      DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Orange County Superior Court case docket in this matter is attached as "**Exhibit C**."

34. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

35. In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and will file a copy of that Notice with the Superior Court of California, Orange County.

## VII.

## CONCLUSION

36. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

Dated: June 5, 2019                           **CONSTANGY BROOKS SMITH & PROPHETE LLP**

By: _____
CAROLYN E. SIEVE
KIMBERLY T. BERNSTEIN
Attorneys for Defendant
BELLINGHAM MARINE
INDUSTRIES, INC.

12

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 600 Anton Boulevard, 11th Floor, Costa Mesa, California 92626.

On **June 5, 2019** I served a copy of **DEFENDANT BELLINGHAM MARINE INDUSTRIES, INC.'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed as follows:

### ** SEE ATTACHED SERVICE LIST **

__X__ **(VIA FIRST-CLASS MAIL):** The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

_____ **(By CM/ECF FILING)** I submitted an electronic version of the document(s) listed above via Portable Document Format (PDF) to the persons listed on this Proof of Service in accordance with the United States District Court – Central District, using the CM/ECF system.

_____ **(VIA OVERNIGHT DELIVERY):** I enclosed said document(s) in an envelope or package provided by Federal Express, and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

_____ **(VIA PERSONAL SERVICE):** I caused to be delivered through First Legal Attorney Services, such document(s) in an envelope to be hand delivered to the person(s) at the address (es) set forth.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 5, 2019** at Costa Mesa, California.

*Katie Costantino*

Katie Costantino

13

5853385v.1    DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

## SERVICE LIST

| | |
|---|---|
| Gary R. Carlin, Esq.<br>Brent S. Buchsbaum, Esq.<br>Laurel N. Haag, Esq.<br>Sujith Divakaran, Esq.<br>**LAW OFFICE OF CARLIN &**<br>**BUCHSBAUM, LLP**<br>301 East Ocean Blvd., Suite 1550<br>Long Beach, CA 90802<br>Telephone: (562) 432-8933<br>Facsimile:  (562) 435-1656<br>Email: gary@carlinbuchsbaum.com<br>         brent@carlinbuchsbaum.com<br>         laurel@carlinbuchsbaum.com<br>         sujith@carlinbuchsbaum.com | *Attorneys for Plaintiff*<br>**PETER LAMIRAND** |

14